Edwin M. REID, Plaintiff,

v.

DOUBLEDAY AND COMPANY, Inc.,
Defendant.

Civ. No. 6718.

United States District Court
N. D. Ohio, W. D.

Dec. 20, 1955.

Harris & Sell, Edward G. Harris, Toledo, Ohio, for plaintiff.

Marshall, Melhorn, Bloch & Belt, John B. Spitzer, Toledo, Ohio, for defendant.

KLOEB, District Judge.

Defendant moves the Court for an order pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, 28 U.S. C.A., adjudging that the amount of damages recoverable by plaintiff should be limited to the loss in profits which plaintiff would have made if he had purchased the same quantity of books from defendant at the lowest price offered by defendant to any other customer.

The motion is supported by a memorandum as required by the provisions of Rule 2(A) (2) of the Rules of the United States District Courts in Ohio, and plaintiff has filed a memorandum in opposition thereto. A reply memorandum has been filed by defendant.

The complaint in this case alleges that plaintiff was engaged in the business of wholesale jobber of books, etc., from the 3d day of April, 1941, to the date of the filing of the complaint, and that during this period of time defendant was engaged in the business of manufacturing, producing, publishing and selling books, etc., in interstate commerce; that defendant offered its publications in interstate commerce at set list prices, less discounts thereon, each offering of a particular book or publication being of the same quality or kind; that Section 13 of Title 15 of the United States Code Annotated provides in part as follows:

"(a) It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, where such commodities are sold for use, consumption, or resale within the United States or any Territory thereof or the District of Columbia or any insular possession or other place under the jurisdiction of the United States, and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of com-

merce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them: * * *";

that Section 13a of Title 15 of the United States Code Annotated provides as follows:

"It shall be unlawful for any person engaged in commerce, in the course of such commerce, to be a party to, or assist in, any transaction of sale, or contract to sell, which discriminates to his knowledge against competitors of the purchaser, in that, any discount, rebate, allowance, or advertising service charge is granted to the purchaser over and above any discount, rebate, allowance, or advertising service charge available at the time of such transaction to said competitors in respect of a sale of goods of like grade, quality, and quantity; * * *";

that Section 15 of Title 15 of the United States Code Annotated provides as follows:

"Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.";

that the defendant has offered to and sold the plaintiff its publications at list prices less a discount of 43%, and at the same time has offered to and sold its publications at list prices less a discount of from 46% to 49% to eight designated concerns who are competing in interstate commerce with plaintiff; that as a result of granting such preferential discounts, plaintiff has been discriminated against in price and hence has been unable to compete with its competitors,

and that such action has tended to create a monopoly in a line of commerce and to injure and to destroy competition; that plaintiff has lost substantial sums of money due to his inability to sell the books and publications to book stores, book dealers, public libraries, etc., and that he has, therefore, been damaged.

It is the position of the defendant that the amount of damages recoverable by plaintiff should be limited to the loss in profits which plaintiff would have made if he had purchased the same quantity of books from defendant at the lowest price offered by defendant to any other customer, and that plaintiff as a matter of law is not entitled to recompense for consequential damage suffered to its competitive position, in other words, for profits that plaintiff might have made if he had purchased many times the actual volume of books that he did purchase. Defendant believes that plaintiff will be unable to submit any competent proof on the question of profits which he might have made on books that he did not purchase.

Plaintiff maintains that his proof of damages are properly separated into two categories, to wit, (1) damages resulting from price differentials on books actually purchased from defendant, and (2) damages resulting from profits plaintiff could not secure on books of the defendant that he was unable to sell and purchase due to the price differentials existing between himself and his more favored competitors. Defendant's motion seeks to preclude plaintiff from offering proof as to the second category.

The parties have cited to the Court a number of decisions on which they rely, and the Court has studied and given consideration, in particular, to the following cases: Bruce's Juices, Inc., v. American Can Co., D.C.S.D.Fla.1949, 87 F.Supp. 985, affirmed 5 Cir., 1951, 187 F.2d 919; American Can Co. v. Ladoga Canning Co., 7 Cir., 1930, 44 F.2d 763, certiorari denied 282 U.S. 899, 51 S.Ct. 183, 75 L.Ed. 792; Russellville Canning Co. v. American Can Co.,

D.C.W:D.Ark.1949, 87 F.Supp. 484, reversed 8 Cir., 1951, 191 F.2d 38; American Cooperative Serum Ass'n v. Anchor Serum Co., 7 Cir., 1946, 153 F.2d 907, certiorari denied 329 U.S. 721, 67 S.Ct. 57, 91 L.Ed. 625; William H. Rankin Co. v. Associated Bill Posters of United States and Canada, 2 Cir., 1930, 42 F.2d 152, certiorari denied 282 U.S. 864, 51 S.Ct. 37, 75 L.Ed. 765.

We call attention to Section 15 of Title 15 of the United States Code Annotated heretofore quoted and pertaining to damages, which reads in part as follows:

"Any person who shall be injured * * * shall recover threefold the damages by him sustained * * *."

The Congress has made no limitation on the nature of the damages for which an aggrieved party might be compensated and by the terms of the Act would permit a complaining party, in accordance with proper proof, to recover the "damages by him sustained". We cannot anticipate the nature of the proof of damages that plaintiff will offer, and we believe that we should not prejudge the nature and extent of the proof that plaintiff may endeavor to offer. It is entirely possible that the proof tendered by plaintiff may fall short of the necessary requirements as in the case of American Can Co. v. Russellville Canning Co., 8 Cir., 191 F.2d 38; it may be that some or all of the proof offered may be considered by the trial Court as encroaching upon the field of speculation and, therefore, inadmissible. It undoubtedly is true, as defendant contends, that by anticipating the elimination of the question involved in category 2 at this stage of the proceedings, time and expense would be saved in preparation for and in the actual trial of the case, but we believe that it would be wrong at this time to preclude plaintiff from the opportunity to offer his proof in due course. We find nothing in the decisions cited and studied by the Court that would authorize the Court in advance of trial to limit plaintiff in his efforts to prove the "damages by him sustained".

The motion is overruled and an order is drawn accordingly.